289 So.2d 410 (1974)
In re ESTATE OF Coketine Bray CARPENTER, Deceased.
No. 73-439.
District Court of Appeal of Florida, Fourth District.
February 8, 1974.
*411 Robert M. Sturrup, of Faircloth, Sturrup & Della-Donna, Ft. Lauderdale, for appellant-Mary Redman Carpenter.
Toxey Hall Smith, Jr., Wiggins, Miss., for appellees-Ben Carpenter, II and William Bray Carpenter.
OWEN, Chief Judge.
This case is before us a second time on the question of whether the probate court erred in finding that the will of Coketine Bray Carpenter, deceased, was procured by undue influence and therefore void and not entitled to probate.
The facts are set forth in sufficient detail in the initial opinion of this court, In re: Estate of Carpenter, Fla.App. 1970, 239 So.2d 506, and the opinion of the Supreme Court on certiorari, In re: Estate of Carpenter, Fla. 1971, 253 So.2d 697. We do not deem it necessary to again recite the facts as they do not enter into our disposition of the present appeal.
On the first appeal we concluded, among other things, that the record was devoid of evidence tending to show that the influence exerted upon the testatrix qualified as undue influence, i.e., was conduct which amounted to overpersuasion, duress, force, coercion or artful or fraudulent contrivances to such a degree that there was a destruction of the free agency and will power of the testatrix. 239 So.2d 506, at 509. Upon certiorari granted, the Supreme Court approved the decision and opinion of this court in all material respects except as to our holding that the record contained no evidence tending to show undue influence. In this regard, the Supreme Court said, 253 So.2d 697, at 705:
"We disagree with the District Court in one respect. Having concluded that the presumption vanished from the case, the District Court determined that the evidence was insufficient as a matter of law to sustain a finding of undue influence. In this regard, we conclude that since the facts giving rise to the presumption of undue influence are themselves evidence of undue influence, those facts remain in the case and will support a permissible inference of undue influence. Therefore, it was error for the District Court to hold that no evidence tending to show undue influence was before the trial judge.
"Inasmuch as in the first instance the trial judge decided this cause on the basis of the presumption, it will now be necessary for the cause to be remanded to the trial judge for determination of the issue of undue influence in accord with the greater weight of the evidence."
In accordance with the mandate of the Supreme Court, we remanded the case to the County Judge's Court of Orange County for further proceedings and entry of an order not inconsistent with the views expressed in the Supreme Court's opinion. The parties elected not to submit further evidence, but rather simply to re-submit the case to the trial court on the basis of the evidence which theretofore had been adduced. The trial court thereupon entered its order finding that although the beneficiary, Mary Carpenter, had successfully dissipated the presumption of undue influence, that nevertheless

*412 "... the evidence which gave rise to the said presumption and other evidence produced at trial was sufficient to satisfy the burden of proof placed on the contestants to the probate of the said purported will ... [to prove] that by the greater weight of the evidence the execution of the said purported will was procured by Mary Carpenter, the proponent thereof, by undue influence; that at the time she executed the said purported will, the decedent was not acting of her own free will and volition; that the said purported will is void... ."
The end result is, of course, identical to the earlier order finding the will to be void, and which had given rise to the initial appeal, 239 So.2d 506.
In both brief and oral argument before this court, appellant's counsel has reviewed in detail the evidence (most of which we discussed in our prior opinion) and has urged us to find, as a matter of law, that the record is devoid of evidence which would sustain a finding of undue influence. If this were the first time such issue was before us, we would have no difficulty in so concluding, as evidenced by our former opinion. We think, however, that the Supreme Court has spoken on this very issue and has made it clear that it was error to so hold. Appellant's counsel insists that our prior pronouncement on this issue was mere dicta, and thus the issue has not been previously decided. It was not dicta, but dicta or not, the Supreme Court squarely held that such a view was error. Since the evidence remains the same, the sufficiency of it to sustain a finding of undue influence is controlled by the Supreme Court's prior decision.
We conclude that no reversible error has been shown and that the judgment must therefore be affirmed.
Affirmed.
WALDEN and MAGER, JJ., concur.