PER CURIAM.
Appellant, daughter of the testator, sought revocation of an order admitting to probate a will whereby her seventy-year-old father left the bulk of his estate to appellee, a thirty-year-old wife of two months. She contends that appellees, wife and personal representative of decedent, used their confidential relationship to exert undue influence on her ailing father in the preparation and execution of the will.
We have carefully examined the extensive record made in the trial court and find an absence of the clear and convincing evidence of undue influence which is required to set aside the will. Freedman v. Freedman, 345 So.2d 834 (Fla. 3d DCA 1977). We will not disturb the trial judge’s finding that “the decedent executed his Last Will and Testament... voluntarily of his own free will and volition and furtherance of his own testamentary intentions.” See In re Estate of Carpenter, 253 So.2d 697 (Fla.1971), appeal after remand, 289 So.2d 410 (Fla. 4th DCA 1974).
Affirmed.